IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

October 25, 2011

RE: RUSSELL TINSLEY V. COURT OF COMMON PLEAS, ETAL
CA No. 11-6174

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Rice, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By:
LINDA V. JERRY, Deputy Clerk

cc: TINSLEY

Courtroom Deputy to Judge Padova

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL TINSLEY<br>    Petitioner, | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | |
| COURT OF COMMON PLEAS, et. al.,<br>    Respondents. | : <br> : | No. 11-6174 |

## ORDER

JOHN R. PADOVA, J.

    AND NOW, this _____ day of _____, 2011, upon careful and independent consideration of the petition for a writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice, IT IS ORDERED that:

    1. The Report and Recommendation is APPROVED and ADOPTED.

    2. The petition for a writ of habeas corpus is DISMISSED without prejudice for failure to exhaust state remedies.

    3. There is no probable cause to issue a certificate of appealability.

    4. The Clerk of the Court shall mark this case closed for statistical purposes.

                                               BY THE COURT:

                                               _____
                                               JOHN R. PADOVA, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL TINSLEY, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| COURT OF COMMON PLEAS, et al., | : | No. 11-6174 |
| Respondents | : | |

## REPORT AND RECOMMENDATION

**TIMOTHY R. RICE**  October 24, 2011
**U.S. MAGISTRATE JUDGE**

Petitioner Russell A. Tinsley, a prisoner at the Special Treatment Unit in Avenel, New Jersey[1] has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because the petition presents unexhausted claims, I recommend the petition be DISMISSED without prejudice to allow Tinsley to exhaust his state remedies.

## FACTUAL AND PROCEDURAL HISTORY

On September 25, 2007, Tinsley pled nolo contendere to charges of involuntary deviate sexual intercourse by forcible compulsion and simple assault. See Criminal Docket at 5, Commonwealth v. Tinsley, No. CP-51-CR-0501081-2005 (Pa. Ct. Com. Pl. Phila.) [hereinafter Criminal Docket]. On January 4, 2008, he was sentenced to time served plus twenty-three months for each charge to run concurrently. See id.

---

[1] Though Tinsley is currently confined within the District of New Jersey, venue is proper here because his confinement results from of a prosecution and conviction in Pennsylvania. See 28 U.S.C. § 2241(d).

Tinsley filed a notice of appeal to the Superior Court on January 4, 2008. See Criminal Docket at 13-14; Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at 2, Tinsley v. Court of Common Pleas, No. 11-6174 (E.D. Pa. Sept. 26, 2011) [hereinafter Habeas Pet.]. The appeal was dismissed for failure to comply with a state rule requiring an appellant to complete a docketing statement form. See Criminal Docket at 24. Tinsley filed a pro se petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 et seq., on October 17, 2008. See id. Tinsley's direct appeal rights were reinstated nunc pro tunc on January 11, 2010, and he filed a notice of appeal on February 9, 2010. See id. at 25. The Superior Court remanded the case to the Court of Common Pleas to conduct a Grazier hearing.[2] See id. at 27. The Court of Common Pleas found Tinsley capable of representing himself on July 25, 2011. See id. at 28.

Tinsley's appeal is still pending in the Superior Court. See id.; Appellate Docket at 5, Commonwealth v. Tinsley, 438 EDA 2010 (Pa. Super. Ct.) [hereinafter Appellate Docket]. Tinsley has not yet filed his appellate brief.[3] As Tinsley acknowledges in his federal habeas

---

[2] Commonwealth v. Grazier held when an appellant petitions to remove counsel and proceed pro se, an on-the-record determination must be made that the waiver is "knowing, intelligent, and voluntary." 713 A.2d 81, 82 (Pa. 1998).

[3] Tinsley filed a second appeal on August 22, 2011. See Appellate Docket at 2, Commonwealth v. Tinsley, 2067 EDA 2011, (Pa. Super. Ct.). On September 12, 2011, the Superior Court dismissed the second appeal without prejudice because Tinsley had an appeal of the same conviction pending. Id.
On September 21, 2011, Tinsley wrote a letter to the Prothonotary of the Supreme Court in support of his application for review of the September 12, 2011 decision of the Superior Court and his pending Superior Court case. See Letter from Russell Tinsley to Supreme Court Prothonotary (Sept. 21, 2011) (attached as unmarked Exhibit to Habaeas Pet.) [hereinafter Letter]. This letter was not docketed.

petition, see Habeas Pet. at 17-18, the state court proceedings remain pending, see Criminal Docket at 28.

On September 26, 2011, Tinsley filed a pro se federal habeas petition raising four challenges to his state conviction, including what appears to be due process claims arising from the trial judge's alleged bias towards Tinsley. See Habeas Pet. at 8-18. Tinsley alleges the state court conspired against him in retaliation for civil claims Tinsley filed against the court. Id. Tinsley also alleges his counsel was ineffective because he did not ensure Tinsley understood the consequences of his plea of nolo contendere. Id. at 13-14.

## DISCUSSION

Tinsley's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq. I may not grant habeas relief to a state prisoner unless the prisoner has exhausted his available remedies in state court. 28 U.S.C. § 2254(b); Cone v. Bell, 556 U.S. 449, ___, 129 S. Ct. 1769, 1779 (2009); O'Sullivan v. Boerkel, 526 U.S. 838, 842 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971); Nara v. Frank, 488 F.3d 187, 197 (3d Cir. 2007); Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004). A state prisoner must complete "the [s]tate's established appellate review process" to "give the state courts one full opportunity to resolve any constitutional issues." O'Sullivan, 526 U.S. at 845; Nara, 488 F.3d at 197; see Cone, 556 U.S. at ___, 129 S. Ct. at 1779; see also Woodford v. Ngo, 548 U.S. 81, 92 (2006). A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the [s]tate to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

3

The policy of this total exhaustion doctrine is rooted in the tradition of comity: the state must be given the "initial 'opportunity to pass upon and correct' alleged violations" of the petitioner's constitutional rights. Picard, 404 U.S. at 275; accord O'Sullivan, 526 U.S. at 844-45. Indeed, "28 U.S.C. § 2254 imposes a duty on the courts to examine the exhaustion issue and to reject a petition if it raises unexhausted claims." Lambert v. Blackwell, 134 F.3d 506, 515 (3d Cir. 1997).

Tinsley's appeal is currently pending. See Criminal Docket at 28; Appellate Docket at 5. As Tinsley has not yet filed his appellate brief in his first appeal, he can assert the same claims raised in his federal petition on appeal. The claims in Tinsley's federal habeas petition are similar to the claims he raised in his second appeal and his letter to the Supreme Court. Tinsley asserts in his federal habeas petition and his state appeals that his trial counsel was ineffective because counsel did not ensure Tinsley fully understood the consequences of his plea. See Habeas Pet. at 13-14; Petition to Remand for Withdrawal of Pleas Pursuant to Boykin and a Bat[s]on Claim at 2-5, Commonwealth v. Tinsley, No. 2067 EDA 2011 (Pa. Super. Ct. August 22, 2011) [hereinafter Appellate Brief]; Letter at 1-2. Tinsley also alleges the state court denied him due process by conspiring against him and retaliating against him for civil lawsuits he filed. See Habeas Pet. at 8-10, 12; Appellate Brief at 1-2; Letter at 2. Construing Tinsley's claims liberally, see Zilich v. Lucht, 981 F.2d 694, 694 (3d Cir. 1992) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), he could articulate constitutional challenges that would be cognizable on habeas review after exhaustion in state court.

Comity requires Pennsylvania's courts be given the first opportunity to review Tinsley's

4

claims. See Picard, 404 U.S. at 275. Because Tinsley has not yet exhausted his claims in state court, federal habeas review is premature, and I recommend his habeas petition be dismissed without prejudice. Tinsley may refile a habeas petition in this Court after his claims have been fully litigated and resolved in the state courts. However, if Tinsley refiles a federal habeas petition, he must still comply with the AEDPA's filing and timeliness requirements.[4] 28 U.S.C. § 2244(d); see Richardson v. Lockett, No. 07-4677, 2009 WL 466801, at *3 (E.D. Pa. Feb. 25, 2009).

---

[4] The AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking a review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right had been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244 further provides: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).
    Because Tinsley's direct appeal is still pending, it appears his one-year limitation period for purposes of AEDPA has not yet begun.

5

Accordingly, I make the following:

## RECOMMENDATION

AND NOW, this 24th day of October, 2011, it is respectfully recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state court remedies. It is further recommended that there is no probable cause to issue a certificate of appealability.[5] The petitioner may file objections to this Report and Recommendation within ten days after being served with a copy thereof. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights. See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007).

BY THE COURT:

TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

---

[5] Jurists of reason would not debate my recommended procedural or substantive dispositions of the petitioner's claims. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, no certificate of appealability should be granted. See id.